UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FERRIS G. SINGLEY,
                    *Plaintiff-Appellant,*

and

KENNETH WADDELL; JEFF FREEMAN,
                              *Plaintiffs,*

v.

SOUTH CAROLINA; JAMES HODGES,
Governor, State of South Carolina;
GARY MAYNARD, Director, South
Carolina Department of Corrections;
ROBERT WARD, Supervisor, South
Carolina Department of Corrections;
LAURIE F. BESSINGER, Warden,
Kershaw Correctional Institution;
MAJOR LATTA, KCI,
                    *Defendants-Appellees.*

No. 02-6607

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Terry L. Wooten, District Judge.
(CA-02-179-2-25AJ)

Submitted: August 28, 2002

Decided: September 9, 2002

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Ferris G. Singley, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ferris Singley appeals from the district court's order accepting the recommendation of the magistrate judge and dismissing his 42 U.S.C. § 1983 (2000) action without prejudice for failure to exhaust administrative remedies. The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C. § 1997e(a) (2000).

In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that the PLRA requires a prisoner to exhaust administrative remedies regarding his excessive force claims, even if the prisoner seeks only money damages and such relief is unavailable under the administrative process. *Id.* at 741. More recently, in *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. 534 U.S. at ___, 122 S. Ct. at 992.

There is evidence in the record that Singley pursued available administrative remedies and it is not clear from the district court's opinion whether the district court considered this evidence. Therefore, although we express no opinion as to whether Singley in fact has demonstrated exhaustion of administrative remedies, we vacate the district court's order dismissing the action without prejudice and remand to enable the district court to make such a determination. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*